# EXHIBIT B
# Jan. 26, 2022
# Rule 202 Petition
# of Sadie Weldon

E-Filed for Record
1/26/2022 6:06 PM
Jack County District Clerk , TX
By: Tracie Pippin

Cause No. ___22-01-014___

| | |
|---|---|
| **In re Sadie Weldon**, | IN THE DISTRICT COURT |
| | JACK COUNTY, TEXAS |
| Petitioner | 271st JUDICIAL DISTRICT |

## VERIFIED PETITION TO TAKE DEPOSITION TO INVESTIGATE A LAWSUIT

Petitioner Sadie Weldon respectfully asks the Court for permission to take a deposition by oral examination of Neesha Davé of the Lilith Fund for Reproductive Equity. Ms. Weldon seeks this testimony to investigate potential claims brought by Ms. Weldon or others under section 171.208 of the Texas Health and Safety Code.

### PERSONS TO BE DEPOSED AND JURISDICTION

1. Petitioner Sadie Weldon is a citizen of Texas and resident of Jack County.

2. Ms. Weldon seeks to depose Neesha Davé. Upon information and belief, Ms. Davé is a resident of Travis County and may be served at ███████████████ ██████████. Ms. Davé's telephone number is ███████████.

3. In accordance with Rule 202.2(b)(1) of the Texas Rules of Civil Procedure, this petition is filed in Jack County, the county in which the venue of the anticipated suit may lie.

4. This petition is verified by Ms. Weldon, as required by Rule 202.2(a) of the Texas Rules of Civil Procedure.

### ANTICIPATED ACTION

5. This petition is filed in anticipation of possible future civil actions brought under section 171.208 of the Texas Health and Safety Code, against individuals and organizations that performed or aided or abetted abortions in violation of the Texas Heartbeat Act, also known as Senate Bill 8 or SB 8. It is also filed to investigate the possibilities for future civil actions brought under section 171.208 of the Texas Health

and Safety Code. In her capacity as deputy director of the Lilith Fund for Reproductive Equity ("Lilith Fund"), Neesha Davé has stated in a sworn declaration that her organization knowingly and intentionally aided or abetted at least one post-heartbeat abortion in violation of the Texas Heartbeat Act. *See* Declaration of Neesha Davé ¶ 8 (attached as Exhibit 1).

6. Ms. Davé submitted this sworn declaration in a lawsuit that her organization brought against Texas Right to Life and its legislative director, John Seago. This lawsuit was originally filed as *Lilith Fund for Reproductive Equity v. State of Texas, et al.*, No. D-1-GN-21-004504 (Travis County), and was transferred by the multidistrict litigation panel to 98th Judicial District Court of Travis County. Those pre-trial proceedings were conducted under the caption of *Van Stean v. State of Texas, et al.*, No. D-1-GN-21-004179, and the cases are currently on appeal to the Third Court of Appeals in Austin. *See Texas Right to Life, et al. v. Van Stean, et al.*, No. 03-21-00650-CV.

7. The Lilith Fund for Reproductive Equity ("Lilith Fund") is expected to have information relevant to the potential claims that Ms. Weldon is investigating, and it is expected to have interests adverse to Ms. Weldon in any anticipated suit. The Lilith Fund's mailing address is Post Office Box 684949, Austin, Texas 78768-4949; its registered office is at 5900 Balcones Drive, Suite 100, Austin, Texas 78731; and its fax number is 512-521-0568. Its phone number is unknown.

8. Neesha Davé is expected to have information relevant to the potential claims that Ms. Weldon is investigating, and she is expected to have interests adverse to Ms. Weldon in any anticipated suit. On information and belief, Ms. Davé's address is ████ ████████████████████████████ , and her phone number is ████████████ .

9. Additional parties are expected to have information relevant to the potential claims that Ms. Weldon is investigating, as well as interests adverse to Ms. Weldon's in any anticipated suit, but the identities of those parties are currently unknown. Ms.

Davé's sworn declaration states that the Lilith Fund aided or abetted the provision of at least one post-heartbeat abortion performed in Texas. But Ms. Davé's declaration does not say who provided those post-heartbeat abortions, nor does it identify the individuals who aided or abetted these illegal abortions. Ms. Weldon's goal is to use the deposition sought by this petition to ascertain the identity of all individuals and organizations who are subject to liability under section 171.208.

## NOTICE OF RELATED CASES

10. There are no ongoing cases between Ms. Weldon and Neesha Davé. There are also no ongoing cases between Ms. Weldon and the Lilith Fund.

11. There are several ongoing cases that seek to restrain state officials and private individuals from enforcing certain provisions in SB 8. One of those cases is *Whole Woman's Health v. Jackson*, in which the plaintiffs are attempting to enjoin state licensing authorities from taking adverse action against abortion providers and medical professionals that violate the Texas Heartbeat Act. That case is currently pending in the U.S. Court of Appeals for the Fifth Circuit, after a remand from the Supreme Court of the United States. *See Whole Woman's Health v. Jackson*, No. 21-50792 (5th Cir.); *see also Whole Woman's Health v. Jackson*, 142 S. Ct. 522 (2021). On January 17, 2022, the Fifth Circuit certified a state-law question to the Supreme Court of Texas. *See Whole Woman's Health v. Jackson*, --- F.4th ----, 2022 WL 142193 (5th Cir.). Those certification proceedings remain pending in the state supreme court.

12. A coalition of abortion providers and abortion funds has also filed suit in state court to restrain Texas Right to Life and its legislative director, John Seago, from initiating lawsuits against them under section 171.208 of the Texas Health and Safety Code. The district judge in those cases denied the defendants' motion to dismiss un-

der the Texas Citizens Participation Act, and the defendants have taken an interlocu-
tory appeal from that ruling. That appeal is currently pending in the Third Court of
Appeals. *See Texas Right to Life v. Van Stean*, No. 03-21-00650-CV.

## BACKGROUND

13. The Texas Heartbeat Act, also known as SB 8, outlaws abortion after a fetal
heartbeat is detectable. *See* Tex. Health & Safety Code § 171.204.

14. SB 8 prohibits state officials from enforcing the law. *See* Tex. Health & Safety
Code § 171.207. Instead of public enforcement by state officials, SB 8 establishes a
private right of action that authorizes individuals to sue those who violate the statute.
*See* Tex. Health & Safety Code § 171.208. These private civil-enforcement suits may
be brought against anyone who "performs or induces" a post-heartbeat abortion, *see
id*. at § 171.208(a)(1), as well as anyone who "knowingly engages in conduct that
aids or abets the performance or inducement of an abortion, including paying for or
reimbursing the costs of an abortion through insurance or otherwise, if the abortion
is performed or induced in violation of [SB 8]," *id*. at § 171.208(a)(2). Lawsuits may
also be brought against anyone who "intends" to perform or aid or abet a post-heart-
beat abortion in Texas.

15. A plaintiff who successfully sues an individual or organization under section
171.208 is entitled to injunctive relief and $10,000 in statutory damages for each
unlawful abortion that the defendant performed or facilitated, plus costs and attor-
neys' fees. *See* Tex. Health & Safety Code § 171.208(b).

16. The Texas Heartbeat Act took effect on September 1, 2021, and it has re-
mained in effect as the law of Texas since that time.

17. The person that Ms. Weldon seeks to depose is the leader of an organization
that helps women in Texas abort their unborn children. Neesha Davé is deputy direc-
tor of the Lilith Fund for Reproductive Equity ("Lilith Fund"). She is "responsible

for executing Lilith Fund's mission, ensuring our programs are effective and efficient, and supervising staff and volunteers." Davé Decl. ¶ 3 (attached as Exhibit 1).

18. The Lilith Fund aids or abets abortion in Texas through a variety of means. As Ms. Davé explained in a sworn statement, the Lilith Fund "provides financial assistance and emotional support for people needing abortions in Texas." Davé Decl. ¶ 4 (attached as Exhibit 1).

19. Since the Texas Heartbeat Act took effect on September 1, 2021, the Lilith Fund has aided or abetted at least one post-heartbeat abortion in violation of the law. In her sworn declaration, Ms. Davé stated:

> Lilith Fund has engaged in conduct with the intent to assist pregnant Texans obtain abortions after the detection of cardiac activity. Specifically, following the entry of an injunction by the Honorable Robert Pitman on October 6, 2021, Lilith Fund paid for at least one abortion without confirming the gestational age of the client's pregnancy and at least one abortion with the belief that the client's pregnancy was after the period in which cardiac activity is usually detectable. In doing so, it was Lilith Fund's intention to pay for the abortions even if cardiac activity was detected.

Davé Decl. ¶ 8 (attached as Exhibit 1).

20. Ms. Davé's sworn declaration also states that the Lilith Fund "partners with" several abortion providers in northern Texas. This includes "clinics that have publicly confirmed that post-cardiac activity abortions were performed" in violation of the Texas Heartbeat Act. Davé Decl. ¶ 9 (attached as Exhibit 1).

## REQUEST FOR DEPOSITION

21. Ms. Weldon seeks a court order authorizing her to depose Ms. Davé because she seeks to investigate potential claims that she or others might bring under section 171.208 of the Texas Health and Safety Code, against any person or organization that performed or aided or abetted illegal post-heartbeat abortions of the type described in Ms. Davé's declaration. *See* Tex. R. Civ. P. 202(d)(2).

22. Ms. Weldon additionally seeks to depose Ms. Davé because she anticipates the institution of a suit in which Ms. Davé or the Lilith Fund may be a party. *See* Tex. R. Civ. P. 202(d)(1).

23. There is good reason for this court to find that deposing Ms. Davé at this time is the best way to avoid a delay or failure of justice in an anticipated suit. *See* Tex. R. Civ. P. 202.4(a). In addition, the likely benefit of allowing Ms. Weldon to depose Ms. Davé to investigate a potential claim outweighs the burden or expense of the procedure. *See* Tex. R. Civ. P. 202.4(b).

24. Ms. Weldon is considering whether to sue individuals and organizations that performed or facilitated the illegal abortions described in Ms. Davé's declaration. The sworn statement of Ms. Davé makes it clear that the Lilith Fund has violated the Texas Heartbeat Act in a manner that could expose its employees, volunteers, and donors to liability under section 171.208 of the Texas Health and Safety Code.

25. Yet Ms. Weldon is unwilling to file suit as this time because she is still investigating the range of potential defendants, as well as any possible defenses or substantive arguments that they might raise in the litigation. Ms. Weldon expects to be able to better evaluate the prospects for legal success after deposing Ms. Davé and discovering the extent of involvement of each individual that aided or abetted post-heartbeat abortions in violation of SB 8.

26. Ms. Weldon also wishes to preserve evidence of how the Lilith Fund aided or abetted abortions in violation of SB 8, as well as evidence surrounding the involvement of each individual who aided or abetted these illegal abortions. Ms. Weldon seeks to depose Ms. Davé on topics including the following: the Lilith Fund's exact role in supporting, funding, and facilitating abortions provided in violation of the Texas Heartbeat Act; the identity of each individual or entity that the Lilith Fund collaborated with in providing these illegal abortions; the number of illegal abortions provided; whether the Lilith Fund has in any way distinguished its funding streams

for advocacy and its funding streams for conduct that aids or abets illegal abortions performed in Texas; and the sources of financial support for the Lilith Fund. Ms. Weldon also seeks discovery of documents[1] that reveal the sources of funding for Lilith Fund's operations and address the issues that will be covered in the deposition.

27.   Deposing Neesha Davé allows Ms. Weldon to preserve evidence of great importance to the anticipated litigation. Ms. Davé's sworn declaration already attests to her knowledge of violations of the law. What Ms. Weldon does not know is how many violations occurred and what other parties were involved in providing these illegal abortions. The value of this information to any subsequent litigation, and to the important policies embodied in the Heartbeat Act, is high. It is, indeed, essential to be able to implement the law.

28.   Delay in obtaining this evidence increases the chances that information about the abortions provided will be forgotten and that documentation will become more difficult to obtain. Given the widespread press coverage of the Texas Heartbeat Act, including attention to the risks taken by abortion providers who choose to violate the

---

1.   The scope of a pre-suit deposition under Rule 202 is the same as a regular deposition of non-parties in litigation. *See* Tex. R. Civ. P. 202.5. This specifically allows document-production requests. *See* Tex. R. Civ. P. 199.2(b)(5) (providing for requests for production along with a deposition notice); Tex. R. Civ. P. 205.1(c) (providing for noticing document production requests to nonparties); *In re City of Tatum*, 567 S.W.3d 800, 808 (Tex. App. 2018) ("The "language of these rules when read together permits a petition seeking a pre-suit deposition under Rule 202 to also request the production of documents."" quoting *In re Anand*, No. 01-12-01106-CV, 2013 WL 1316436, at *3 (Tex. App. Apr. 2, 2013)). *See also City of Dallas v. City of Corsicana*, No. 10-14-00090-CV, 2015 WL 4985935, at *6 (Tex. App. Aug. 20, 2015) ("Under rule 202, documents can be requested in connection with a deposition."). While some courts have refused to permit document discovery under Rule 202, *see, e.g.*, *In re Pickrell*, No. 10-17-00091-CV, 2017 WL 1452851, at *6 (Tex. App. Apr. 19, 2017), they have not analyzed the text of Rule 202.5 or its relationship to Rule 199. *See In re City of Tatum*, 567 S.W.3d 800, 808 n. 7 (Tex. App. 2018) (criticizing courts denying document production under Rule 202).

Act's provisions,[2] there is considerable incentive for violators to hide or obscure any record of their involvement in unlawful activities.

29. Without the documentation, there would be a risk of miscarriage or delay of justice, as the law of Texas would be difficult or impossible to enforce. The policy of the state will be thwarted if it is not possible to identify the parties complicit in providing illegal abortions.

30. It would also enhance judicial efficiency to allow the eventual lawsuit to consider the entire chain of events (from funding to actual performance of the abortion) involved in the particular violations of SB 8 that Ms. Davé described in her sworn statement. Waiting for discovery in the course of litigation not only runs increased risks of forgetfulness or record-keeping deficiencies. It also has costs to the administration of justice in that the courts would have to adjudicate the matters either in separate proceedings, or through complaints successively amended to add additional defendants. Allowing deposition under Rule 202 would avoid this delay of justice.

31. The burden on Ms. Davé is modest. To be sure, she must appear for a deposition and must produce documents. But the inconvenience will only grow greater with any delay, as memories fade and documents accumulate. The value of the information sought outweighs the burden, as required by Rule 202.

32. Ms. Weldon seeks to depose Ms. Davé by oral deposition. *See* Tex. R. Civ. P. 199. A notice of deposition identifying the topics for examination is attached to this Petition as Exhibit 2. This procedure will impose a minimal burden on Ms. Davé while permitting Ms. Weldon to preserve for future litigation information about the illegal abortions that Ms. Davé has acknowledged.

---

2. *See, e.g.*, Abigail Abrams, *Inside The Small Group of Doctors Who Risked Everything to Provide Abortions in Texas*, Time (Oct. 14, 2021), available at https://bit.ly/3qxa5qx.

33.  Ms. Weldon further requests that the court order Ms. Davé to produce at or before the deposition any and all non-privileged documents relating to: Lilith Fund's role in supporting, funding, and facilitating abortions provided in violation of the Texas Heartbeat Act; the identity of all individuals or entities that the Lilith Fund collaborated with in providing these illegal abortions; the number of post-heartbeat abortions provided in Texas since September 1, 2021; and the sources of financial support for the Lilith Fund's abortion-assistance activities.

## REQUEST FOR HEARING

34.  After the service of this petition and a notice of hearing, Ms. Weldon respectfully requests that the court conduct a hearing, in accordance with Rule 202.3(a) of the Texas Rules of Civil Procedure, to determine whether to issue an order allowing the deposition.

## REQUEST FOR RELIEF

35.  For these reasons, Ms. Weldon respectfully requests that the court set a date for a hearing on this petition, and thereafter issue an order:

    a.  finding that the benefits of a deposition and accompanying production of documents outweighs the burden;

    b.  finding that a deposition and accompanying production of documents will avoid delay or failure of justice;

    c.  authorizing Ms. Weldon to take an oral deposition of Ms. Davé;

    d.  requiring Ms. Davé to produce the documents identified by this petition, at a time and place to be agreed by the parties; and

    e.  awarding all other relief that the Court may deem just, proper, or equitable.

Respectfully submitted.

GENE P. HAMILTON*
Virginia Bar No. 80434
Vice-President and General Counsel
America First Legal Foundation
300 Independence Avenue SE
Washington, DC 20003
(202) 964-3721
gene.hamilton@aflegal.org

D. BRYAN HUGHES
Texas Bar No. 00793995
Law Office of D. Bryan Hughes
110 North College Avenue, Suite 207
Tyler, Texas 75702-7221
(903) 581-1776 (phone)
bryan@hughesfirm.com

H. DUSTIN FILLMORE III
Texas Bar No. 06996010
CHARLES W. FILLMORE
Texas Bar No. 00785861
The Fillmore Law Firm, LLP
1200 Summit Avenue, Suite 860
Fort Worth, Texas 76102
(817) 332-2351 (phone)
(817) 870-1859 (fax)
dusty@fillmorefirm.com
chad@fillmorefirm.com

* *pro hac vice* applications
   forthcoming

Dated: January 26, 2022

 /s/ Jonathan F. Mitchell 
JONATHAN F. MITCHELL
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

ERICK G. KAARDAL*
Minnesota Bar No. 0229647
Mohrman, Kaardal & Erickson, P.A.
150 South Fifth Street, Suite 3100
Minneapolis, Minnesota 55402
(612) 341-1074 (phone)
(612) 341-1076 (fax)
kaardal@mklaw.com

THOMAS BREJCHA*
Illinois Bar No. 0288446
MARTIN WHITTAKER
Texas Bar No. 24095097
Thomas More Society
309 West Washington Street, Suite 1250
Chicago, Illinois 60606
(312) 782-1680 (phone)
(312) 782-1887 (fax)
info@thomasmoresociety.org

*Counsel for Petitioner*

Cause No. **22-01-014**

| | |
|---|---|
| In re Sadie Weldon, | IN THE DISTRICT COURT |
| Petitioner | JACK COUNTY, TEXAS |
| | 271st JUDICIAL DISTRICT |

### VERIFICATION

STATE OF TEXAS

COUNTY OF JACK

    Before me, the undersigned notary public, on this day personally appeared Sadie Weldon and after being duly sworn, stated under oath that she has read the above verified petition to take deposition to investigate potential legal claims and its exhibits; that every statement of fact contained in it is within her personal knowledge and is true and correct; and that every exhibit is an authentic copy of what it purports to be.

Sadie Weldon

SADIE WELDON

Subscribed and sworn to me
this 26th day of January, 2020 2022

NOTARY

DEBRA TILLERY
Notary Public, State of Texas
My Commission Expires
May 04, 2024
NOTARY ID 705852-3

# Exhibit 1
**(Declaration of Neesha Davé)**

## <u>DECLARATION OF NEESHA DAVÉ</u>

STATE OF TEXAS      §

TRAVIS COUNTY     §

   1. My name is Neesha Davé.  I am a resident of Travis County, Texas, over 21 years of age, competent, and capable of testifying to the facts stated in this Declaration.

   2. I declare that the statements within this Declaration are within my personal knowledge, and are true and correct.

   3. I am currently the Deputy Director, and from September 2 - November 1, 2021 served as the Acting Executive Director, for Lilith Fund for Reproductive Equity ("Lilith Fund"). As Deputy Director, I am responsible for executing Lilith Fund's mission, ensuring our programs are effective and efficient, and supervising staff and volunteers.

   4. Lilith Fund provides financial assistance and emotional support for people needing abortions in Texas, and seeks to foster a positive culture around abortion.  Lilith Fund also fights for reproductive justice throughout Texas.  Lilith Fund offsets the costs of abortion care itself, rather than paying for or providing assistance to people traveling to an abortion provider in Texas.

   5. Lilith Fund has nine staff members and more than thirty regular volunteers, and serves people in central and southeast Texas.

   6. SB8 specifically states that providing funds to assist a pregnant person in obtaining an abortion violates SB8 *even if* the funder had no knowledge that the abortion at issue would ultimately violate SB8.  Consequently, SB8, when it became effective, immediately rendered all of our services—even for people who have been pregnant fewer than six weeks—potentially subject to expensive litigation and punitive fines.

**DECLARATION OF NEESHA DAVÉ**                    **PAGE 1**

7.      According to the terms of SB8, Lilith Fund aids and abets abortions in the State of Texas by providing funding at all.  It is my understanding that Lilith Fund would also likely be liable for assisting pregnant people in locating legal abortion services by providing information, and by engaging in protected speech by advocating for safe, legal abortion services.

8.      Since September 1, 2021, Lilith Fund has engaged in conduct with the intent to assist pregnant Texans obtain abortions after the detection of cardiac activity.  Specifically, following the entry of an injunction by the Honorable Robert Pitman on October 6, 2021, Lilith Fund paid for at least one abortion without confirming the gestational age of the client's pregnancy and at least one abortion with the belief that the client's pregnancy was after the period in which cardiac activity is usually detectable.  In doing so, it was Lilith Fund's intention to pay for the abortions even if cardiac activity was detected.

9.      Lilith Fund partners with several abortion provider clinics in Texas, including the clinics that have publicly confirmed that post-cardiac activity abortions were performed following the injunction issued by Judge Pitman.

10.      I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct and that this Declaration was executed on this 3rd day of November, 2021.

_____
Neesha Davé

# Exhibit 2
## (Notice of Deposition)

Cause No. ___22-01-014___

| | |
|---|---|
| **In re Sadie Weldon**, | IN THE DISTRICT COURT |
| | JACK COUNTY, TEXAS |
| Petitioner | 271st ____ JUDICIAL DISTRICT |

## NOTICE OF DEPOSITION OF NEESHA DAVÉ
## AND SUBPOENA DUCES TECUM

To:  Neesha Davé, ██████████████████

Please take notice that the attorneys for petitioner Sadie Weldon will take the oral deposition of Neesha Davé at 9:00 A.M. on March 3, 2022, in connection with this matter and on the topics designated in Exhibit A, which is attached to this notice. The deposition will be taken before a certified court reporter at the law offices of Mitchell Law PLLC, 111 Congress Avenue, Suite 400, Austin, Texas, 78701. The deposition will continue day-to-day, before a court reporter, until completed. The deposition may be videotaped.

Please take further notice that at the time and place of the deposition the deponent shall produce, at the commencement of the deposition, certain documents and tangible things described in the subpoena, which is attached as Exhibit 3 to the petition and incorporated by reference.

Respectfully submitted.

GENE P. HAMILTON*
Virginia Bar No. 80434
Vice-President and General Counsel
America First Legal Foundation
300 Independence Avenue SE
Washington, DC 20003
(202) 964-3721
gene.hamilton@aflegal.org

_/s/ Jonathan F. Mitchell_
JONATHAN F. MITCHELL
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

D. Bryan Hughes
Texas Bar No. 00793995
Law Office of D. Bryan Hughes
110 North College Avenue, Suite 207
Tyler, Texas 75702-7221
(903) 581-1776 (phone)
bryan@hughesfirm.com

H. Dustin Fillmore III
Texas Bar No. 06996010
Charles W. Fillmore
Texas Bar No. 00785861
The Fillmore Law Firm, LLP
1200 Summit Avenue, Suite 860
Fort Worth, Texas 76102
(817) 332-2351 (phone)
(817) 870-1859 (fax)
dusty@fillmorefirm.com
chad@fillmorefirm.com

*pro hac vice* applications
   forthcoming

Erick G. Kaardal*
Minnesota Bar No. 0229647
Mohrman, Kaardal & Erickson, P.A.
150 South Fifth Street, Suite 3100
Minneapolis, Minnesota 55402
(612) 341-1074 (phone)
(612) 341-1076 (fax)
kaardal@mklaw.com

Thomas Brejcha*
Illinois Bar No. 0288446
Martin Whittaker
Texas Bar No. 24095097
Thomas More Society
309 West Washington Street, Suite 1250
Chicago, Illinois 60606
(312) 782-1680 (phone)
(312) 782-1887 (fax)
info@thomasmoresociety.org

Dated: January 26, 2022                    *Counsel for Petitioner*

## EXHIBIT A

I. **DEFINITIONS**

For the purposes of this deposition notice, the following definitions apply:

- The terms "**Lilith Fund**," "**you**" and "**your**" refer to the Lilith Fund for Reproductive Equity, including any agent or person authorized to act for or on its behalf, including its officers, employees, staff, and unpaid volunteers.

- The terms "**communication**" and "**communicate**" refer to any method used to transmit or exchange information, concepts, or ideas (whether verbal or nonverbal) including oral, written, typed, or electronic transmittal of any type of information or data, by the use of words, silence, numbers, symbols, images, or depictions, from one person or entity to another person or entity.

- The term "**document**" refers to the act of noting, recording, or preserving any type of information, data, or communication, without regard to the method used to note, record, or preserve such information, data, or communication. The term includes any e-mail or text message.

- The term "**entity**" means any legal entity inquired about (other than a natural person) including a partnership, professional association, joint venture, corporation, governmental agency, or other form of legal entity.

- The terms "**identify**" and "**identity**," when used in connection with a natural person, require disclosure of that person's full name, present or last known address, and present or last known telephone number. When used in connection with a legal entity, the terms require disclosure of its legal name, its address, and telephone number.

- The terms "**implement**" and "**implementation**" refer to any method, process, or action used to put a decision or plan into effect or achieve a goal or obligation.

- The term "**information**" refers to and includes documents, records, communications, facts, ideas, data, observations, opinions, photographs, slides, video recordings, audio recordings, and tangible and intangible items and evidence of any kind or sort.

- The terms **"person"** and **"persons"** mean any legal entity inquired about, whether a natural person, partnership, sole proprietorship, professional association, joint venture, corporation, governmental agency, or other form of legal entity.

- The term **"record"** means letters, words, sounds, or numbers, or the equivalent of letters, words, sounds, or numbers, that have been written, recorded, documented, or received by Defendant by:

  (A)   handwriting;
  (B)   typewriting;
  (C)   printing;
  (D)   photostat;
  (E)   photograph;
  (F)   magnetic impulse;
  (G)   mechanical or electronic recording;
  (H)   digitized optical image; or
  (I)   another form of data compilation.

- The term **"record"** also includes any communication, including an e-mail or text-message communication.

- The term **"reproduction"** means an accurate and complete counterpart of an original document or record produced by:

  (A)   production from the same impression or the same matrix as the original;
  (B)   photograph, including an enlargement or miniature;
  (C)   mechanical or electronic re-recording;
  (D)   chemical reproduction;
  (E)   digitized optical image; or
  (F)   another technique that accurately reproduces the original.

- The term **"third party"** means any person, persons, or entity other than the defendants or the attorneys of record for the defendants.

- The terms **"and"** and **"or,"** when used in these definitions and in the discovery requests, include the conjunction "and/or."

## II.   DEPOSITION TOPICS

1.   Lilith Fund's involvement with or support for any abortions performed after September 1, 2021, in which a fetal heartbeat was detectable (or likely to be detectable if properly tested).

2.   Lilith Fund's role in supporting, funding, or facilitating abortions provided in violation of the Texas Heartbeat Act.

3.   Lilith Fund's role in supporting, funding, or facilitating abortions provided in violation of any other law enacted by the Texas legislature.

4.   The identity of any individuals or entities that the Lilith Fund consulted or collaborated with in supporting, funding, or facilitating abortions provided in violation of the Texas Heartbeat Act or any other law enacted by the Texas legislature.

5.   The manner in which the Lilith Fund has distinguished its funding streams for advocacy and its funding streams for conduct that aids or abets abortion.

6:   The sources of financial support for the Lilith Fund's conduct that aids or abets abortion.

7.   The identity of the officers, employees, volunteers, board members, and donors of the Lilith Fund.

# Exhibit 3

**(Subpoena for Deposition and Production of Documents)**

Cause No. 22-01-014 _____

| | |
|---|---|
| **In re Sadie Weldon**, | IN THE DISTRICT COURT |
| | JACK COUNTY, TEXAS |
| Petitioner | 271st ____ JUDICIAL DISTRICT |

## SUBPOENA FOR DEPOSITION AND PRODUCTION OF DOCUMENTS

This subpoena is issued in the name of the State of Texas:

To any sheriff or constable of the State of Texas, or any other person authorized to serve and execute subpoenas as provided by Texas Rule of Civil Procedure 176, Greetings:

You are hereby commanded to summon:

NEESHA DAVÉ

████████████

to appear at the offices of:

Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701

on March 3, 2022, at 9:00 A.M., to attend and give testimony at a deposition in this case, to produce and permit inspection and copying of documents or tangible things to be used as evidence in this case, and to remain in attendance from day to day until lawfully discharged. All documents or tangible items listed in Exhibit A must be produced.

Pursuant to Rule 176.8(a) of the Texas Rules of Civil Procedure:

**Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.**

This subpoena is issued by Jonathan F. Mitchell, counsel of record for the petitioner in the above-styled and numbered cause.

# RETURN OF SERVICE

Came to hand this _____ day of _____, 2022, and executed this the _____ day of _____, 2022, a true and correct copy hereof in the following manner: By delivering to the within named witness _____, via

_____ USPS Priority Mail
_____ USPS Certified Mail/Return Receipt Requested
_____ Personal Service/ Hand-Served
_____ Fax/Electronic Mail

Returned this _____ day of _____, 2022.


By: _____
      Authorized Person who is not a party to the suit and is not less than 18 years of age.


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ACCEPTANCE OF SERVICE OF SUBPOENA BY WITNESS PER RULE 176 OF THE TEXAS RULES OF CIVIL PROCEDURE

I, the undersigned witness named in the Subpoena acknowledge receipt of a copy thereof, and hereby accept service of the attached subpoena.

Rule 176.8(a) Contempt. Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.


_____          _____
SIGNATURE OF WITNESS                              DATE

## EXHIBIT A

### Documents to Be Produced by Neesha Davé

**I.   DEFINITIONS AND INSTRUCTIONS FOR REQUESTS FOR PRODUCTION**

1. Each request shall operate and be responded to independently and, unless otherwise indicated, no request limits the scope of any other request.

2. Unless otherwise indicated, the relevant time period for these requests is from January 1, 2019, to the present.

3. Unless otherwise defined, the terms used should be read and construed in accordance with the English language and the ordinary meanings and definitions attached. You should, therefore: (i) construe the words "and" as well as "or" in the disjunctive or conjunctive, as necessary to make the request more inclusive; (ii) construe the term "including" to mean "including, but not limited to"; and (iii) construe the words "all" and "each" to mean all and each.

The following definitions apply to each of these requests:

- The terms "**Lilith Fund**," "**you**" and "**your**" refer to the Lilith Fund for Reproductive Equity, including any agent or person authorized to act for or on its behalf, including its officers, employees, staff, and unpaid volunteers.

- The terms "**communication**" and "**communicate**" refer to any method used to transmit or exchange information, concepts, or ideas (whether verbal or nonverbal) including oral, written, typed, or electronic transmittal of any type of information or data, by the use of words, silence, numbers, symbols, images, or depictions, from one person or entity to another person or entity.

- The term "**document**" refers to the act of noting, recording, or preserving any type of information, data, or communication, without regard to the method used to note, record, or preserve such information, data, or communication. The term includes any e-mail or text message.

- The term "**entity**" means any legal entity inquired about (other than a natural person) including a partnership, professional association, joint

venture, corporation, governmental agency, or other form of legal entity.

- The terms **"identify"** and **"identity,"** when used in connection with a natural person, require disclosure of that person's full name, present or last known address, and present or last known telephone number. When used in connection with a legal entity, the terms require disclosure of its legal name, its address, and telephone number.

- The terms **"implement"** and **"implementation"** refer to any method, process, or action used to put a decision or plan into effect or achieve a goal or obligation.

- The term **"information"** refers to and includes documents, records, communications, facts, ideas, data, observations, opinions, photographs, slides, video recordings, audio recordings, and tangible and intangible items and evidence of any kind or sort.

- The terms **"person"** and **"persons"** mean any legal entity inquired about, whether a natural person, partnership, sole proprietorship, professional association, joint venture, corporation, governmental agency, or other form of legal entity.

- The term **"record"** means letters, words, sounds, or numbers, or the equivalent of letters, words, sounds, or numbers, that have been written, recorded, documented, or received by Defendant by:

  (A)    handwriting;
  (B)    typewriting;
  (C)    printing;
  (D)    photostat;
  (E)    photograph;
  (F)    magnetic impulse;
  (G)    mechanical or electronic recording;
  (H)    digitized optical image; or
  (I)    another form of data compilation.

- The term **"record"** also includes any communication, including an e-mail or text-message communication.

- The term **"reproduction"** means an accurate and complete counterpart of an original document or record produced by:

(A)    production from the same impression or the same matrix as the original;

(B)    photograph, including an enlargement or miniature;

(C)    mechanical or electronic re-recording;

(D)    chemical reproduction;

(E)    digitized optical image; or

(F)    another technique that accurately reproduces the original.

- The term "**third party**" means any person, persons, or entity other than the defendants or the attorneys of record for the defendants.

- The terms "**and**" and "**or**," when used in these definitions and in the discovery requests, include the conjunction "and/or."

## II.    DOCUMENTS OR TANGIBLE THINGS REQUESTED

**Request No. 1**: Any and all non-privileged documents describing abortions provided with the Lilith Fund's support after September 1, 2021, in which a fetal heartbeat was detectable (or likely to be detectable if properly tested).

**Request No. 2**: Any and all non-privileged documents addressing the Lilith Fund's role in supporting, funding, or facilitating abortions provided in violation of the Texas Heartbeat Act.

**Request No. 3**: Any and all non-privileged documents identifying any individual or entities that the Lilith Fund consulted or collaborated with in supporting, funding, or facilitating abortions provided in violation of the Texas Heartbeat Act.

**Request No. 4**: Any and all non-privileged documents describing whether the Lilith Fund has in any way distinguished its funding streams for advocacy and its funding streams for conduct that aids or abets abortion.

**Request No. 5**: Any and all non-privileged documents describing or identifying the sources of financial support for the Lilith Fund's conduct that aids or abets abortion.

**Request No. 6**: Any and all non-privileged documents describing or identifying any officer, employee, volunteer, board member, or donor of the Lilith Fund.

**EXHIBIT B—TRCP 176.6**

You are advised that under Texas Rule of Civil Procedure 176.6, a person served with a subpoena has certain rights and obligations, specifically, that rule states:

(a) Compliance required. Except as provided in this subdivision, a person served with a subpoena must comply with the command stated in the subpoena unless discharged by the court or by the party summoning such witness. A person commanded to appear and give testimony must remain at the place of deposition, hearing, or trial from day to day until discharged by the court or by the party summoning the witness.

(b) Organizations. If a subpoena commanding testimony is directed to a corporation, partnership, association, governmental agency, or other organization, and the matters on which examination is requested are described with reasonable particularity, the organization must designate one or more persons to testify on its behalf as to matters known or reasonably available to the organization.

(c) Production of documents or tangible things. A person commanded to produce documents or tangible things need not appear in person at the time and place of production unless the person is also commanded to attend and give testimony, either in the same subpoena or a separate one. A person must produce documents as they are kept in the usual course of business or must organize and label them to correspond with the categories in the demand. A person may withhold material or information claimed to be privileged but must comply with Rule 193.3. A nonparty's production of a document authenticates the document for use against the nonparty to the same extent as a party's production of a document is authenticated for use against the party under Rule 193.7.

(d) Objections. A person commanded to produce and permit inspection and copying of designated documents and things may serve on the party requesting issuance of the subpoena—before the time specified for compliance—written objections to producing any or all of the designated materials. A person need not comply with the part of a subpoena to which objection is made as provided in this paragraph unless ordered to do so by the court. The party requesting the subpoena may move for such an order at any time after an objection is made.

(e) Protective orders. A person commanded to appear at a deposition, hearing, or trial, or to produce and permit inspection and copying of designated documents and things may move for a protective order under Rule 192.6(b)—before the time specified for compliance—either in the court in which the action is pending or in a district court in the county where the subpoena was served. The person must serve the motion on all parties in accordance with Rule 21a. A person need not comply with the part of a subpoena from which protection is sought under this paragraph unless ordered to do so by the court. The party requesting the subpoena may seek such an order at any time after the motion for protection is filed.

# Exhibit 4
## (Declaration of Jonathan F. Mitchell)

Cause No. <u>22-01-014</u>

| | |
|---|---|
| **In re Sadie Weldon**, | IN THE DISTRICT COURT |
| Petitioner | 271st JACK COUNTY, TEXAS |
| | ____ JUDICIAL DISTRICT |

## DECLARATION OF JONATHAN F. MITCHELL

I, Jonathan F. Mitchell, being duly sworn, states as follows:

1. My name is Jonathan F. Mitchell. I am over 18 years old and fully competent to make this declaration.

2. I have personal knowledge of the facts stated in this declaration, and all of these facts are true and correct.

3. I represent petitioner Sadie Weldon in this litigation.

4. I also represent Texas Right to Life and John Seago in the lawsuit that the Lilith Fund for Reproductive Equity has filed against them. That lawsuit was origi-nally filed as *Lilith Fund for Reproductive Equity v. State of Texas, et al.*, No. D-1-GN-21-004504 (Travis County), and it is currently on appeal to the Third Court of Appeals in Austin. *See Texas Right to Life, et al. v. Van Stean, et al.*, No. 03-21-00650-CV.

5. The document attached as Exhibit 1 to this petition is an authentic copy of a sworn declaration that Neesha Davé submitted in that litigation.

This concludes my sworn statement. I declare under penalty of perjury that the facts stated in this declaration are true and correct.


Dated: January 26, 2022          _____
                                   JONATHAN F. MITCHELL

## Automated Certificate of eService

This automated certificate of service was created by the efiling system. The filer served this document via email generated by the efiling system on the date and to the persons listed below. The rules governing certificates of service have not changed. Filers must still provide a certificate of service that complies with all applicable rules.

Jonathan Mitchell on behalf of Jonathan Mitchell
Bar No. 24075463
jonathan@mitchell.law
Envelope ID: 61190023
Status as of 1/27/2022 8:24 AM CST

Associated Case Party: Sadie Weldon

| Name | BarNumber | Email | TimestampSubmitted | Status |
|---|---|---|---|---|
| Thomas Brejcha | | tbrejcha@thomasmoresociety.org | 1/26/2022 6:06:21 PM | SENT |
| Charles W.Fillmore | | chad@fillmorefirm.com | 1/26/2022 6:06:21 PM | SENT |
| H. Dustin Fillmore | | dusty@fillmorefirm.com | 1/26/2022 6:06:21 PM | SENT |
| Bryan Hughes | | bryan@hughesfirm.com | 1/26/2022 6:06:21 PM | SENT |
| Erick Kaardal | | kaardal@mklaw.com | 1/26/2022 6:06:21 PM | SENT |
| Jonathan F.Mitchell | | jonathan@mitchell.law | 1/26/2022 6:06:21 PM | SENT |
| Martin Whittaker | | privatrecht@gmail.com | 1/26/2022 6:06:21 PM | SENT |
| Gene P.Hamilton | | gene.hamilton@aflegal.org | 1/26/2022 6:06:21 PM | SENT |