# EXHIBIT C
# Feb. 2, 2022
# Rule 202 Petition
# of Ashley Maxwell

FILED: 2/3/2022 7:22 PM
David Trantham
Denton County District Clerk
By: Raquel Gonzalez, Deputy

Cause No. _____    22-1046-431

| | |
|---|---|
| **In re Ashley Maxwell**, | IN THE DISTRICT COURT |
| | DENTON COUNTY, TEXAS |
| Petitioner | ____ JUDICIAL DISTRICT |

## VERIFIED PETITION TO TAKE DEPOSITION TO INVESTIGATE A LAWSUIT

Petitioner Ashley Maxwell respectfully asks the Court for permission to take a deposition by oral examination of Kamyon Conner of the North Texas Equal Access Fund. Ms. Maxwell seeks this testimony to investigate potential claims brought by Ms. Maxwell or others under section 171.208 of the Texas Health and Safety Code.

### PERSONS TO BE DEPOSED AND JURISDICTION

1. Petitioner Ashley Maxwell is a citizen of Texas and resident of Hood County.

2. Ms. Maxwell seeks to depose Kamyon Conner. Upon information and belief, Ms. Conner is a resident of Denton County and may be served at ▬▬▬▬▬▬▬▬ ▬▬▬▬▬▬▬▬. Ms. Conner's telephone number is ▬▬▬▬▬▬▬.

3. In accordance with Rule 202.2(b)(2) of the Texas Rules of Civil Procedure, this petition is filed in Denton County, the county in which Ms. Conner resides.

4. This petition is verified by Ms. Maxwell, as required by Rule 202.2(a) of the Texas Rules of Civil Procedure.

### NATURE OF THE ACTION

5. This petition is filed to investigate the possibilities for future civil actions brought under section 171.208 of the Texas Health and Safety Code, against individuals and organizations that performed or aided or abetted abortions in violation of the Texas Heartbeat Act, also known as Senate Bill 8 or SB 8. In her capacity as executive director of the North Texas Equal Access Fund ("TEA Fund"), Kamyon Conner has stated in a sworn declaration that her organization knowingly and intentionally

aided or abetted at least one post-heartbeat abortion in violation of the Texas Heart-beat Act. *See* Declaration of Kamyon Conner ¶ 7 (attached as Exhibit 1).

6. Ms. Conner submitted this sworn declaration in a lawsuit that her organization brought against Texas Right to Life and its legislative director, John Seago. This law-suit was originally filed as *North Texas Equal Access Fund v. State of Texas, et al.*, No. D-1-GN-21-004503 (Travis County), and was transferred by the multidistrict litiga-tion panel to 98th Judicial District Court of Travis County. Those pre-trial proceed-ings were conducted under the caption of *Van Stean v. State of Texas, et al.*, No. D-1-GN-21-004179, and the cases are currently on appeal to the Third Court of Appeals in Austin. *See Texas Right to Life, et al. v. Van Stean, et al.*, No. 03-21-00650-CV.

7. North Texas Equal Access Fund ("TEA Fund") is expected to have infor-mation relevant to the potential claims that Ms. Maxwell is investigating, and it is expected to have interests adverse to Ms. Maxwell in any anticipated suit. The TEA Fund's mailing address is 501 Winnewood Village Shopping Center #386, Dallas, Texas 75224-1838; its registered office is at 8035 East R.L. Thornton Freeway, Suite 128, Dallas, Texas 75228; and its phone number is (844) 832-3863.

8. Kamyon Conner is expected to have information relevant to the potential claims that Ms. Maxwell is investigating, and she is expected to have interests adverse to Ms. Maxwell in any anticipated suit. On information and belief, Ms. Conner's ad-dress is █████████████████████████, and her phone number is ██████ ███████.

9. Additional parties are expected to have information relevant to the potential claims that Ms. Maxwell is investigating, as well as interests adverse to Ms. Maxwell's in any anticipated suit, but the identities of those parties are currently unknown. Ms. Conner's sworn declaration states that the TEA Fund aided or abetted the provision of at least one post-heartbeat abortion performed in Texas. But Ms. Conner's decla-ration does not say who provided those post-heartbeat abortions, nor does it identify

the individuals who aided or abetted these illegal abortions. Ms. Maxwell's goal is to use the deposition sought by this petition to ascertain the identity of all individuals and organizations who are subject to liability under section 171.208.

### NOTICE OF RELATED CASES

10. There are no ongoing cases between Ms. Maxwell and Kamyon Conner. There are also no ongoing cases between Ms. Maxwell and TEA Fund.

11. There are several ongoing cases that seek to restrain state officials and private individuals from enforcing certain provisions in SB 8. One of those cases is *Whole Woman's Health v. Jackson*, in which the plaintiffs are attempting to enjoin state licensing authorities from taking adverse action against abortion providers and medical professionals that violate the Texas Heartbeat Act. That case is currently pending in the U.S. Court of Appeals for the Fifth Circuit, after a remand from the Supreme Court of the United States. *See Whole Woman's Health v. Jackson*, No. 21-50792 (5th Cir.); *see also Whole Woman's Health v. Jackson*, 142 S. Ct. 522 (2021). On January 17, 2022, the Fifth Circuit certified a state-law question to the Supreme Court of Texas. *See Whole Woman's Health v. Jackson*, --- F.4th ----, 2022 WL 142193 (5th Cir.). Those certification proceedings remain pending in the state supreme court.

12. A coalition of abortion providers and abortion funds has also filed suit in state court to restrain Texas Right to Life and its legislative director, John Seago, from initiating lawsuits against them under section 171.208 of the Texas Health and Safety Code. The district judge in those cases denied the defendants' motion to dismiss under the Texas Citizens Participation Act, and the defendants have taken an interlocutory appeal from that ruling. That appeal is currently pending in the Third Court of Appeals. *See Texas Right to Life v. Van Stean*, No. 03-21-00650-CV.

## BACKGROUND

13.  The Texas Heartbeat Act, also known as SB 8, outlaws abortion after a fetal heartbeat is detectable. *See* Tex. Health & Safety Code § 171.204.

14.  SB 8 prohibits state officials from enforcing the law. *See* Tex. Health & Safety Code § 171.207. Instead of public enforcement by state officials, SB 8 establishes a private right of action that authorizes individuals to sue those who violate the statute. *See* Tex. Health & Safety Code § 171.208. These private civil-enforcement suits may be brought against anyone who "performs or induces" a post-heartbeat abortion, *see id.* at § 171.208(a)(1), as well as anyone who "knowingly engages in conduct that aids or abets the performance or inducement of an abortion, including paying for or reimbursing the costs of an abortion through insurance or otherwise, if the abortion is performed or induced in violation of [SB 8]," *id.* at § 171.208(a)(2). Lawsuits may also be brought against anyone who "intends" to perform or aid or abet a post-heartbeat abortion in Texas.

15.  A plaintiff who successfully sues an individual or organization under section 171.208 is entitled to injunctive relief and $10,000 in statutory damages for each unlawful abortion that the defendant performed or facilitated, plus costs and attorneys' fees. *See* Tex. Health & Safety Code § 171.208(b).

16.  The Texas Heartbeat Act took effect on September 1, 2021, and it has remained in effect as the law of Texas since that time.

17.  The person that Ms. Maxwell seeks to depose is the leader of an organization that helps women in Texas abort their unborn children. Kamyon Conner is executive director of the North Texas Equal Access Fund ("TEA Fund"). She is "responsible for executing TEA Fund's mission, protecting the organization's financial health, and supervising staff and volunteers." Conner Decl. ¶ 3 (attached as Exhibit 1).

18.  The TEA Fund aids or abets abortion in Texas through a variety of means. As Ms. Conner explained in a sworn statement, the TEA Fund "provides financial,

emotional, and logistical support for low-income abortion patients in north Texas." Conner Decl. ¶ 4 (attached as Exhibit 1).

19. Most of the abortions that the TEA Fund aids or abets occur after a fetal heartbeat is detectable. Conner Decl. ¶ 4 (attached as Exhibit 1).

20. Since the Texas Heartbeat Act took effect on September 1, 2021, the TEA Fund has aided or abetted at least one post-heartbeat abortion in violation of the law. In her sworn declaration, Ms. Conner stated:

> TEA Fund has engaged in conduct with the intent to assist pregnant Texans obtain abortions after the detection of cardiac activity. Specifically, following the entry of an injunction by the Honorable Robert Pitman on October 6, 2021, and while that injunction was still in place, TEA Fund paid for at least one abortion after confirming the gestational age of the fetus was beyond the time when cardiac activity is usually detected. In doing so, it was TEA Fund's intention to pay for the abortion even if cardiac activity was detected.

Conner Decl. ¶ 7 (attached as Exhibit 1).

21. Ms. Conner's sworn declaration also states that the TEA Fund "partner[s] with" several abortion providers in northern Texas. This includes "clinics that have publicly confirmed that post-cardiac activity abortions were performed" in violation of the Texas Heartbeat Act. Conner Decl. ¶ 8 (attached as Exhibit 1).

## REQUEST FOR DEPOSITION

22. Ms. Maxwell seeks a court order authorizing her to depose Ms. Conner because she seeks to investigate potential claims that she or others might bring under section 171.208 of the Texas Health and Safety Code, against any person or organization that performed or aided or abetted illegal post-heartbeat abortions of the type described in Ms. Conner's declaration. *See* Tex. R. Civ. P. 202(d)(2).

23. Ms. Maxwell additionally seeks to depose Ms. Conner because she anticipates the institution of a suit in which Ms. Conner or the TEA Fund may be a party. *See* Tex. R. Civ. P. 202(d)(1).

24.  There is good reason for this court to find that deposing Ms. Conner at this time is the best way to avoid a delay or failure of justice in an anticipated suit. *See* Tex. R. Civ. P. 202.4(a). In addition, the likely benefit of allowing Ms. Maxwell to depose Ms. Conner to investigate a potential claim outweighs the burden or expense of the procedure. *See* Tex. R. Civ. P. 202.4(b).

25.  Ms. Maxwell is considering whether to sue individuals and organizations that performed or facilitated the illegal abortions described in Ms. Conner's declaration. The sworn statement of Ms. Conner makes it clear that the TEA Fund has violated the Texas Heartbeat Act in a manner that could expose its employees, volunteers, and donors to liability under section 171.208 of the Texas Health and Safety Code.

26.  Yet Ms. Maxwell is unwilling to file suit as this time because she is still investigating the range of potential defendants, as well as any possible defenses or substantive arguments that they might raise in the litigation. Ms. Maxwell expects to be able to better evaluate the prospects for legal success after deposing Ms. Conner and discovering the extent of involvement of each individual that aided or abetted post-heartbeat abortions in violation of SB 8.

27.  Ms. Maxwell also wishes to preserve evidence of how the TEA Fund aided or abetted abortions in violation of SB 8, as well as evidence surrounding the involvement of each individual who aided or abetted these illegal abortions. Ms. Maxwell seeks to depose Ms. Conner on topics including the following: the TEA Fund's exact role in supporting, funding, and facilitating abortions provided in violation of the Texas Heartbeat Act; the identity of each individual or entity that the TEA Fund collaborated with in providing these illegal abortions; the number of illegal abortions provided; whether the TEA Fund has in any way distinguished its funding streams for advocacy and its funding streams for conduct that aids or abets illegal abortions performed in Texas; and the sources of financial support for the TEA Fund. Ms. Maxwell

also seeks discovery of documents[1] that reveal the sources of funding for the TEA Fund's operations and address the issues that will be covered in the deposition.

28.  Deposing Kamyon Conner allows Ms. Maxwell to preserve evidence of great importance to the anticipated litigation. Ms. Conner's sworn declaration already attests to her knowledge of violations of the law. What Ms. Maxwell does not know is how many violations occurred and what other parties were involved in providing these illegal abortions. The value of this information to any subsequent litigation, and to the important policies embodied in the Heartbeat Act, is high. It is, indeed, essential to be able to implement the law.

29.  Delay in obtaining this evidence increases the chances that information about the abortions provided will be forgotten and that documentation will become more difficult to obtain. Given the widespread press coverage of the Texas Heartbeat Act, including attention to the risks taken by abortion providers who choose to violate the

---

1.  The scope of a pre-suit deposition under Rule 202 is the same as a regular deposition of non-parties in litigation. *See* Tex. R. Civ. P. 202.5. This specifically allows document-production requests. *See* Tex. R. Civ. P. 199.2(b)(5) (providing for requests for production along with a deposition notice); Tex. R. Civ. P. 205.1(c) (providing for noticing document production requests to nonparties); *In re City of Tatum*, 567 S.W.3d 800, 808 (Tex. App. 2018) ("The "language of these rules when read together permits a petition seeking a pre-suit deposition under Rule 202 to also request the production of documents."" quoting *In re Anand*, No. 01-12-01106-CV, 2013 WL 1316436, at *3 (Tex. App. Apr. 2, 2013)). *See also City of Dallas v. City of Corsicana*, No. 10-14-00090-CV, 2015 WL 4985935, at *6 (Tex. App. Aug. 20, 2015) ("Under rule 202, documents can be requested in connection with a deposition."). While some courts have refused to permit document discovery under Rule 202, *see, e.g.*, *In re Pickrell*, No. 10-17-00091-CV, 2017 WL 1452851, at *6 (Tex. App. Apr. 19, 2017), they have not analyzed the text of Rule 202.5 or its relationship to Rule 199. *See In re City of Tatum*, 567 S.W.3d 800, 808 n. 7 (Tex. App. 2018) (criticizing courts denying document production under Rule 202).

Act's provisions,[2] there is considerable incentive for violators to hide or obscure any record of their involvement in unlawful activities.

30.  Without the documentation, there would be a risk of miscarriage or delay of justice, as the law of Texas would be difficult or impossible to enforce. The policy of the state will be thwarted if it is not possible to identify the parties complicit in providing illegal abortions.

31.  It would also enhance judicial efficiency to allow the eventual lawsuit to consider the entire chain of events (from funding to actual performance of the abortion) involved in the particular violations of SB 8 that Ms. Conner described in her sworn statement. Waiting for discovery in the course of litigation not only runs increased risks of forgetfulness or record-keeping deficiencies. It also has costs to the administration of justice in that the courts would have to adjudicate the matters either in separate proceedings, or through complaints successively amended to add additional defendants. Allowing deposition under Rule 202 would avoid this delay of justice.

32.  The burden on Ms. Conner is modest. To be sure, she must appear for a deposition and must produce documents. But the inconvenience will only grow greater with any delay, as memories fade and documents accumulate. The value of the information sought outweighs the burden, as required by Rule 202.

33.  Ms. Maxwell seeks to depose Ms. Conner by oral deposition. *See* Tex. R. Civ. P. 199. A notice of deposition identifying the topics for examination is attached to this Petition as Exhibit 2. This procedure will impose a minimal burden on Ms. Conner while permitting Ms. Maxwell to preserve for future litigation information about the illegal abortions that Ms. Conner has acknowledged.

---

2.  *See, e.g.*, Abigail Abrams, *Inside The Small Group of Doctors Who Risked Everything to Provide Abortions in Texas*, Time (Oct. 14, 2021), available at https://bit.ly/3qxa5qx.

34. Ms. Maxwell further requests that the court order Ms. Conner to produce at or before the deposition any and all non-privileged documents relating to: TEA Fund's role in supporting, funding, and facilitating abortions provided in violation of the Texas Heartbeat Act; the identity of all individuals or entities that the TEA Fund collaborated with in providing these illegal abortions; the number of post-heartbeat abortions provided in Texas since September 1, 2021; and the sources of financial support for the TEA Fund's abortion-assistance activities.

## REQUEST FOR HEARING

35. After the service of this petition and a notice of hearing, Ms. Maxwell respectfully requests that the court conduct a hearing, in accordance with Rule 202.3(a) of the Texas Rules of Civil Procedure, to determine whether to issue an order allowing the deposition.

## REQUEST FOR RELIEF

36. For these reasons, Ms. Maxwell respectfully requests that the court set a date for a hearing on this petition, and thereafter issue an order:

  a. finding that the benefits of a deposition and accompanying production of documents outweighs the burden;

  b. finding that a deposition and accompanying production of documents will avoid delay or failure of justice;

  c. authorizing Ms. Maxwell to take an oral deposition of Ms. Conner;

  d. requiring Ms. Conner to produce the documents identified by this petition, at a time and place to be agreed by the parties; and

  e. awarding all other relief that the Court may deem just, proper, or equitable.

Respectfully submitted.

GENE P. HAMILTON*
Virginia Bar No. 80434
Vice-President and General Counsel
America First Legal Foundation
300 Independence Avenue SE
Washington, DC 20003
(202) 964-3721
gene.hamilton@aflegal.org

D. BRYAN HUGHES
Texas Bar No. 00793995
Law Office of D. Bryan Hughes
110 North College Avenue, Suite 207
Tyler, Texas 75702-7221
(903) 581-1776 (phone)
bryan@hughesfirm.com

H. DUSTIN FILLMORE III
Texas Bar No. 06996010
CHARLES W. FILLMORE
Texas Bar No. 00785861
The Fillmore Law Firm, LLP
1200 Summit Avenue, Suite 860
Fort Worth, Texas 76102
(817) 332-2351 (phone)
(817) 870-1859 (fax)
dusty@fillmorefirm.com
chad@fillmorefirm.com

* *pro hac vice* applications
   forthcoming

Dated: February 2, 2022

  /s/ Jonathan F. Mitchell
JONATHAN F. MITCHELL
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

ERICK G. KAARDAL*
Minnesota Bar No. 0229647
Mohrman, Kaardal & Erickson, P.A.
150 South Fifth Street, Suite 3100
Minneapolis, Minnesota 55402
(612) 341-1074 (phone)
(612) 341-1076 (fax)
kaardal@mklaw.com

THOMAS BREJCHA*
Illinois Bar No. 0288446
MARTIN WHITTAKER
Texas Bar No. 24095097
Thomas More Society
309 West Washington Street, Suite 1250
Chicago, Illinois 60606
(312) 782-1680 (phone)
(312) 782-1887 (fax)
info@thomasmoresociety.org

*Counsel for Petitioner*

Cause No. _____

In re Ashley Maxwell,

              Petitioner

IN THE DISTRICT COURT
DENTON COUNTY, TEXAS
___ JUDICIAL DISTRICT

## VERIFICATION

STATE OF TEXAS

COUNTY OF _____

Before me, the undersigned notary public, on this day personally appeared Ashley Maxwell and after being duly sworn, stated under oath that she has read the above verified petition to take deposition to investigate potential legal claims and its exhibits; that every statement of fact contained in it is within her personal knowledge and is true and correct; and that every exhibit is an authentic copy of what it purports to be.

KELLY WILKINSON
Notary ID #126738976
My Commission Expires
January 13, 2025

ASHLEY MAXWELL

Subscribed and sworn to me
this ___ day of _February_, ~~2020~~ 2022

NOTARY

# Exhibit 1
## (Declaration of Kamyon Conner)

## <u>DECLARATION OF KAYMON CONNER</u>

STATE OF TEXAS            §

DALLAS COUNTY            §

1.      My name is Kaymon Conner.  I am a resident of Denton County, Texas, over 21 years of age, competent, and capable of testifying to the facts stated in this Declaration.

2.      I declare that the statements within this Declaration are within my personal knowledge, and are true and correct.

3.      I am the Executive Director of North Texas Equal Access Fund ("TEA Fund").  As Executive Director, I am responsible for executing TEA Fund's mission, protecting the organization's financial health, and supervising staff and volunteers.

4.      TEA Fund's mission is to foster reproductive justice.  It provides financial, emotional, and logistical support for low-income abortion patients in north Texas.  Almost all of its clients are at a point in pregnancy when cardiac activity can be detected.

5.      SB8 specifically states  that providing funds to assist a pregnant person in obtaining an abortion violates SB8 *even if* the funder had no knowledge that the abortion at issue would ultimately violate SB8.  Consequently, SB8, when it became effective, immediately rendered all of our services—even for people who have been pregnant fewer than  six weeks—potentially subject to expensive litigation and punitive fines.

6.      According to the terms of SB8, TEA Fund aids and abets abortions in the State of Texas by providing funding at all.  It is my understanding that TEA Fund would also likely be liable for assisting pregnant people in locating legal abortion services by providing information, and by engaging in protected speech by advocating for safe, legal abortion services.

**DECLARATION OF KAYMON CONNER**                                                    **PAGE 1**

7.      Since September 1, 2021, TEA Fund has engaged in conduct with the intent to assist pregnant Texans obtain abortions after the detection of cardiac activity.  Specifically, following the entry of an injunction by the Honorable Robert Pitman on October 6, 2021, and while that injunction was still in place, TEA Fund paid for at least one abortion after confirming the gestational age of the fetus was beyond the time when cardiac activity is usually detected.  In doing so, it was TEA Fund's intention to pay for the abortion even if cardiac activity was detected.

8.      TEA Fund partners with several abortion provider clinics in Texas, including the clinics that have publicly confirmed that post-cardiac activity abortions were performed following the injunction issued by Judge Pitman.

9.      I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct and that this Declaration was executed on this 3rd  day of November, 2021.

_____

Kamyon Conner

# Exhibit 2

**(Notice of Deposition)**

Cause No. _____

| | |
|---|---|
| **In re Ashley Maxwell**, <br><br> Petitioner | IN THE DISTRICT COURT <br> DENTON COUNTY, TEXAS <br> ____ JUDICIAL DISTRICT |

## NOTICE OF DEPOSITION OF KAMYON CONNER
## AND SUBPOENA DUCES TECUM

To: Kamyon Conner, ███████████████████████

Please take notice that the attorneys for petitioner Ashley Maxwell will take the oral deposition of Kamyon Conner at 9:00 A.M. on March 4, 2022, in connection with this matter and on the topics designated in Exhibit A, which is attached to this notice. The deposition will be taken before a certified court reporter at the law offices of Mitchell Law PLLC, 111 Congress Avenue, Suite 400, Austin, Texas, 78701. The deposition will continue day-to-day, before a court reporter, until completed. The deposition may be videotaped.

Please take further notice that at the time and place of the deposition the deponent shall produce, at the commencement of the deposition, certain documents and tangible things described in the subpoena, which is attached as Exhibit 3 to the petition and incorporated by reference.

Respectfully submitted.

GENE P. HAMILTON*
Virginia Bar No. 80434
Vice-President and General Counsel
America First Legal Foundation
300 Independence Avenue SE
Washington, DC 20003
(202) 964-3721
gene.hamilton@aflegal.org

_/s/ Jonathan F. Mitchell_
JONATHAN F. MITCHELL
Texas Bar No. 24075463
Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701
(512) 686-3940 (phone)
(512) 686-3941 (fax)
jonathan@mitchell.law

D. Bryan Hughes
Texas Bar No. 00793995
Law Office of D. Bryan Hughes
110 North College Avenue, Suite 207
Tyler, Texas 75702-7221
(903) 581-1776 (phone)
bryan@hughesfirm.com

H. Dustin Fillmore III
Texas Bar No. 06996010
Charles W. Fillmore
Texas Bar No. 00785861
The Fillmore Law Firm, LLP
1200 Summit Avenue, Suite 860
Fort Worth, Texas 76102
(817) 332-2351 (phone)
(817) 870-1859 (fax)
dusty@fillmorefirm.com
chad@fillmorefirm.com

* *pro hac vice* applications
  forthcoming

Erick G. Kaardal*
Minnesota Bar No. 0229647
Mohrman, Kaardal & Erickson, P.A.
150 South Fifth Street, Suite 3100
Minneapolis, Minnesota 55402
(612) 341-1074 (phone)
(612) 341-1076 (fax)
kaardal@mklaw.com

Thomas Brejcha*
Illinois Bar No. 0288446
Martin Whittaker
Texas Bar No. 24095097
Thomas More Society
309 West Washington Street, Suite 1250
Chicago, Illinois 60606
(312) 782-1680 (phone)
(312) 782-1887 (fax)
info@thomasmoresociety.org

Dated: February 2, 2022

*Counsel for Petitioner*

## EXHIBIT A

I.  **DEFINITIONS**

For the purposes of this deposition notice, the following definitions apply:

- The terms "**TEA Fund**," "**you**" and "**your**" refer to the North Texas Equal Access Fund, including any agent or person authorized to act for or on its behalf, including its officers, employees, staff, and unpaid volunteers.

- The terms "**communication**" and "**communicate**" refer to any method used to transmit or exchange information, concepts, or ideas (whether verbal or nonverbal) including oral, written, typed, or electronic transmittal of any type of information or data, by the use of words, silence, numbers, symbols, images, or depictions, from one person or entity to another person or entity.

- The term "**document**" refers to the act of noting, recording, or preserving any type of information, data, or communication, without regard to the method used to note, record, or preserve such information, data, or communication. The term includes any e-mail or text message.

- The term "**entity**" means any legal entity inquired about (other than a natural person) including a partnership, professional association, joint venture, corporation, governmental agency, or other form of legal entity.

- The terms "**identify**" and "**identity**," when used in connection with a natural person, require disclosure of that person's full name, present or last known address, and present or last known telephone number. When used in connection with a legal entity, the terms require disclosure of its legal name, its address, and telephone number.

- The terms "**implement**" and "**implementation**" refer to any method, process, or action used to put a decision or plan into effect or achieve a goal or obligation.

- The term "**information**" refers to and includes documents, records, communications, facts, ideas, data, observations, opinions, photographs, slides, video recordings, audio recordings, and tangible and intangible items and evidence of any kind or sort.

- The terms "**person**" and "**persons**" mean any legal entity inquired about, whether a natural person, partnership, sole proprietorship, professional association, joint venture, corporation, governmental agency, or other form of legal entity.

- The term "**record**" means letters, words, sounds, or numbers, or the equivalent of letters, words, sounds, or numbers, that have been written, recorded, documented, or received by Defendant by:

  (A)    handwriting;
  (B)    typewriting;
  (C)    printing;
  (D)    photostat;
  (E)    photograph;
  (F)    magnetic impulse;
  (G)    mechanical or electronic recording;
  (H)    digitized optical image; or
  (I)    another form of data compilation.

- The term "**record**" also includes any communication, including an e-mail or text-message communication.

- The term "**reproduction**" means an accurate and complete counterpart of an original document or record produced by:

  (A)    production from the same impression or the same matrix as the original;
  (B)    photograph, including an enlargement or miniature;
  (C)    mechanical or electronic re-recording;
  (D)    chemical reproduction;
  (E)    digitized optical image; or
  (F)    another technique that accurately reproduces the original.

- The term "**third party**" means any person, persons, or entity other than the defendants or the attorneys of record for the defendants.

- The terms "**and**" and "**or**," when used in these definitions and in the discovery requests, include the conjunction "and/or."

## II.  DEPOSITION TOPICS

1.   TEA Fund's involvement with or support for any abortions performed after September 1, 2021, in which a fetal heartbeat was detectable (or likely to be detectable if properly tested).

2.   TEA Fund's role in supporting, funding, or facilitating abortions provided in violation of the Texas Heartbeat Act.

3.   TEA Fund's role in supporting, funding, or facilitating abortions provided in violation of any other law enacted by the Texas legislature.

4.   The identity of any individuals or entities that the TEA Fund consulted or collaborated with in supporting, funding, or facilitating abortions provided in violation of the Texas Heartbeat Act or any other law enacted by the Texas legislature.

5.   The manner in which the TEA Fund has distinguished its funding streams for advocacy and its funding streams for conduct that aids or abets abortion.

6:   The sources of financial support for the TEA Fund's conduct that aids or abets abortion.

7.   The identity of the officers, employees, volunteers, board members, and donors of the TEA Fund.

# Exhibit 3

**(Subpoena for Deposition and Production of Documents)**

Cause No. _____

| | |
|---|---|
| **In re Ashley Maxwell**, | IN THE DISTRICT COURT |
| | DENTON COUNTY, TEXAS |
| Petitioner | ____ JUDICIAL DISTRICT |

## SUBPOENA FOR DEPOSITION AND PRODUCTION OF DOCUMENTS

This subpoena is issued in the name of the State of Texas:

To any sheriff or constable of the State of Texas, or any other person authorized to serve and execute subpoenas as provided by Texas Rule of Civil Procedure 176, Greetings:

You are hereby commanded to summon:



to appear at the offices of:

Mitchell Law PLLC
111 Congress Avenue, Suite 400
Austin, Texas 78701

on March 4, 2022, at 9:00 A.M., to attend and give testimony at a deposition in this case, to produce and permit inspection and copying of documents or tangible things to be used as evidence in this case, and to remain in attendance from day to day until lawfully discharged. All documents or tangible items listed in Exhibit A must be produced.

Pursuant to Rule 176.8(a) of the Texas Rules of Civil Procedure:

**Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.**

This subpoena is issued by Jonathan F. Mitchell, counsel of record for the petitioner in the above-styled and numbered cause.

# RETURN OF SERVICE

Came to hand this _____ day of _____, 2022, and executed this the _____ day of _____, 2022, a true and correct copy hereof in the following manner: By delivering to the within named witness _____, via

_____ USPS Priority Mail
_____ USPS Certified Mail/Return Receipt Requested
_____ Personal Service/ Hand-Served
_____ Fax/Electronic Mail

Returned this _____ day of _____, 2022.


By: _____
        Authorized Person who is not a party to the suit and is not less than 18 years of age.


\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ACCEPTANCE OF SERVICE OF SUBPOENA BY WITNESS PER RULE 176 OF THE TEXAS RULES OF CIVIL PROCEDURE

I, the undersigned witness named in the Subpoena acknowledge receipt of a copy thereof, and hereby accept service of the attached subpoena.

Rule 176.8(a) Contempt. Failure by any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena is issued or a district court in the county in which the subpoena is served, and may be punished by fine or confinement, or both.


_____        _____
SIGNATURE OF WITNESS                                    DATE

## EXHIBIT A

### Documents to Be Produced by Kamyon Conner

**I.  Definitions and Instructions For Requests For Production**

1. Each request shall operate and be responded to independently and, unless otherwise indicated, no request limits the scope of any other request.

2. Unless otherwise indicated, the relevant time period for these requests is from January 1, 2019, to the present.

3. Unless otherwise defined, the terms used should be read and construed in accordance with the English language and the ordinary meanings and definitions attached. You should, therefore: (i) construe the words "and" as well as "or" in the disjunctive or conjunctive, as necessary to make the request more inclusive; (ii) construe the term "including" to mean "including, but not limited to"; and (iii) construe the words "all" and "each" to mean all and each.

The following definitions apply to each of these requests:

- The terms **"TEA Fund,"** **"you"** and **"your"** refer to the North Texas Equal Access Fund, including any agent or person authorized to act for or on its behalf, including its officers, employees, staff, and unpaid volunteers.

- The terms **"communication"** and **"communicate"** refer to any method used to transmit or exchange information, concepts, or ideas (whether verbal or nonverbal) including oral, written, typed, or electronic transmittal of any type of information or data, by the use of words, silence, numbers, symbols, images, or depictions, from one person or entity to another person or entity.

- The term **"document"** refers to the act of noting, recording, or preserving any type of information, data, or communication, without regard to the method used to note, record, or preserve such information, data, or communication. The term includes any e-mail or text message.

- The term **"entity"** means any legal entity inquired about (other than a natural person) including a partnership, professional association, joint

venture, corporation, governmental agency, or other form of legal entity.

- The terms "**identify**" and "**identity**," when used in connection with a natural person, require disclosure of that person's full name, present or last known address, and present or last known telephone number. When used in connection with a legal entity, the terms require disclosure of its legal name, its address, and telephone number.

- The terms "**implement**" and "**implementation**" refer to any method, process, or action used to put a decision or plan into effect or achieve a goal or obligation.

- The term "**information**" refers to and includes documents, records, communications, facts, ideas, data, observations, opinions, photographs, slides, video recordings, audio recordings, and tangible and intangible items and evidence of any kind or sort.

- The terms "**person**" and "**persons**" mean any legal entity inquired about, whether a natural person, partnership, sole proprietorship, professional association, joint venture, corporation, governmental agency, or other form of legal entity.

- The term "**record**" means letters, words, sounds, or numbers, or the equivalent of letters, words, sounds, or numbers, that have been written, recorded, documented, or received by Defendant by:

  (A)    handwriting;
  (B)    typewriting;
  (C)    printing;
  (D)    photostat;
  (E)    photograph;
  (F)    magnetic impulse;
  (G)    mechanical or electronic recording;
  (H)    digitized optical image; or
  (I)    another form of data compilation.

- The term "**record**" also includes any communication, including an e-mail or text-message communication.

- The term "**reproduction**" means an accurate and complete counterpart of an original document or record produced by:

    (A)     production from the same impression or the same matrix as the original;

    (B)     photograph, including an enlargement or miniature;

    (C)     mechanical or electronic re-recording;

    (D)     chemical reproduction;

    (E)     digitized optical image; or

    (F)     another technique that accurately reproduces the original.

- The term "**third party**" means any person, persons, or entity other than the defendants or the attorneys of record for the defendants.

- The terms "**and**" and "**or**," when used in these definitions and in the discovery requests, include the conjunction "and/or."

## II.  DOCUMENTS OR TANGIBLE THINGS REQUESTED

**Request No. 1**: Any and all non-privileged documents describing abortions provided with the TEA Fund's support after September 1, 2021, in which a fetal heartbeat was detectable (or likely to be detectable if properly tested).

**Request No. 2**: Any and all non-privileged documents addressing the TEA Fund's role in supporting, funding, or facilitating abortions provided in violation of the Texas Heartbeat Act.

**Request No. 3**: Any and all non-privileged documents identifying any individual or entities that the TEA Fund consulted or collaborated with in supporting, funding, or facilitating abortions provided in violation of the Texas Heartbeat Act.

**Request No. 4**: Any and all non-privileged documents describing whether the TEA Fund has in any way distinguished its funding streams for advocacy and its funding streams for conduct that aids or abets abortion.

**Request No. 5**: Any and all non-privileged documents describing or identifying the sources of financial support for the TEA Fund's conduct that aids or abets abortion.

**Request No. 6**: Any and all non-privileged documents describing or identifying any officer, employee, volunteer, board member, or donor of the TEA Fund.

## EXHIBIT B—TRCP 176.6

You are advised that under Texas Rule of Civil Procedure 176.6, a person served with a subpoena has certain rights and obligations, specifically, that rule states:

(a) Compliance required. Except as provided in this subdivision, a person served with a subpoena must comply with the command stated in the subpoena unless discharged by the court or by the party summoning such witness. A person commanded to appear and give testimony must remain at the place of deposition, hearing, or trial from day to day until discharged by the court or by the party summoning the witness.

(b) Organizations. If a subpoena commanding testimony is directed to a corporation, partnership, association, governmental agency, or other organization, and the matters on which examination is requested are described with reasonable particularity, the organization must designate one or more persons to testify on its behalf as to matters known or reasonably available to the organization.

(c) Production of documents or tangible things. A person commanded to produce documents or tangible things need not appear in person at the time and place of production unless the person is also commanded to attend and give testimony, either in the same subpoena or a separate one. A person must produce documents as they are kept in the usual course of business or must organize and label them to correspond with the categories in the demand. A person may withhold material or information claimed to be privileged but must comply with Rule 193.3. A nonparty's production of a document authenticates the document for use against the nonparty to the same extent as a party's production of a document is authenticated for use against the party under Rule 193.7.

(d) Objections. A person commanded to produce and permit inspection and copying of designated documents and things may serve on the party requesting issuance of the subpoena—before the time specified for compliance—written objections to producing any or all of the designated materials. A person need not comply with the part of a subpoena to which objection is made as provided in this paragraph unless ordered to do so by the court. The party requesting the subpoena may move for such an order at any time after an objection is made.

(e) Protective orders. A person commanded to appear at a deposition, hearing, or trial, or to produce and permit inspection and copying of designated documents and things may move for a protective order under Rule 192.6(b)—before the time specified for compliance—either in the court in which the action is pending or in a district court in the county where the subpoena was served. The person must serve the motion on all parties in accordance with Rule 21a. A person need not comply with the part of a subpoena from which protection is sought under this paragraph unless ordered to do so by the court. The party requesting the subpoena may seek such an order at any time after the motion for protection is filed.

# Exhibit 4
## (Declaration of Jonathan F. Mitchell)

Cause No. _____

| | |
|---|---|
| **In re Ashley Maxwell**, | IN THE DISTRICT COURT |
| | DENTON COUNTY, TEXAS |
| Petitioner | ____ JUDICIAL DISTRICT |

### DECLARATION OF JONATHAN F. MITCHELL

I, Jonathan F. Mitchell, being duly sworn, states as follows:

1. My name is Jonathan F. Mitchell. I am over 18 years old and fully competent to make this declaration.

2. I have personal knowledge of the facts stated in this declaration, and all of these facts are true and correct.

3. I represent petitioner Ashley Maxwell in this litigation.

4. I also represent Texas Right to Life and John Seago in the lawsuit that the North Texas Equal Access Fund has filed against them. That lawsuit was originally filed as *North Texas Equal Access Fund v. State of Texas, et al.*, No. D-1-GN-21-004503 (Travis County), and it is currently on appeal to the Third Court of Appeals in Austin. *See Texas Right to Life, et al. v. Van Stean, et al.*, No. 03-21-00650-CV.

5. The document attached as Exhibit 1 to this petition is an authentic copy of a sworn declaration that Kamyon Conner submitted in that litigation.

This concludes my sworn statement. I swear under penalty of perjury that the facts stated in this declaration are true and correct.

Dated: January 28, 2022

_____
JONATHAN F. MITCHELL