**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| **THE NORTH TEXAS EQUAL ACCESS FUND**, on behalf of itself and its staff, its volunteers, and its donors; and **LILITH FUND FOR REPRODUCTIVE EQUITY**, on behalf of itself and its staff, its volunteers, and its donors;<br><br>     Plaintiffs,<br><br>**v.**<br><br>**THOMAS MORE SOCIETY,**<br><br>     Defendant. | Case No. 1:22-cv-1399 |

**JOINT AMENDED  STATUS REPORT**

Plaintiffs The North Texas Equal Access Fund ("TEA Fund") and Lilith Fund for Reproductive Equity ("Lilith Fund" and together with TEA Fund, "Plaintiffs") and Defendant Thomas More Society ("TMS" or "Defendant") submit the following Joint Amended Status Report pursuant to this Court's Order entered on July 6, 2022 (Dkt. No. 37):

1. **The Nature of the Case**:

A. **Attorneys of Record**:

For Plaintiffs

Susan M. Lorenc
Jennifer R. Ecklund
Elizabeth G. Myers
Mackenzie S. Wallace
John P. Atkins
Dremain T. Moore
Thompson Coburn LLP
slorenc@thompsoncoburn.com
jecklund@thompsoncoburn.com

For Defendant

Jonathan F. Mitchell
Martin J. Whittaker
jonathan@mitchell.law
privatrecht@gmail.com

emyers@thompsoncoburn.com
mwallance@thompsoncoburn.com
jatkins@thomsoncoburn.com
dmoore@thompsoncoburn.com

Alexandra W. Albright
Kirsten M. Castañeda
Kevin Dubose
Marcy H. Greer
Alexander, Dubose & Jefferson LLP
Aalbright@adjtlaw.com
kcastaneda@adjtlaw.com
kdubose@adjtlaw.com
mgreer@adjtlaw.com

**B. <u>Nature of the Claims Asserted</u>:**

<u>Plaintiffs Description of the Claims</u>:  Plaintiffs assert claims under 42 U.S.C. § 1983 and 28 U.S.C. § 2201 that Texas Senate Bill 8, also known as the Texas Heartbeat Act ("SB8"), violates the United States Constitution and is preempted by federal law.  Plaintiffs therefore seek declarations that the private civil enforcement provisions and attorney fees provisions of SB8 are void, of no effect, and that no claims arising from or related to SB8 can be brought by Defendant in federal or state court.  Plaintiffs also seek injunctive relief prohibiting Defendant and those working in concert with Defendant from filing any case against Plaintiffs under SB8 and from conspiring, coordinating, or assisting others with filing such a case, or seeking discovery related to such a case.

<u>Defendant's Description of the Claims</u>: A plaintiff cannot assert claims against a statute such as Texas Senate Bill 8. A claim must be asserted against a named defendant, and it must challenge the behavior of the defendant that has been sued.  *See Whole Woman's Health v. Jackson*, 141 S. Ct. 2494, 2495 (2021) ("[F]ederal courts enjoy the power to enjoin individuals tasked with enforcing laws, not the laws themselves." (citing *California v. Texas*, 141 S. Ct. 2104, 2115–16 (2021)).  The plaintiffs' claims are being asserted against the Thomas More Society, and they are seeking

declaratory and injunctive relief that would restrain the Thomas More Society from suing the plaintiffs under SB8 on the theory that SB8 is unconstitutional and preempted by federal law.

**C.** __Major Legal and Factual Issues__:

Plaintiffs' Description of the Issues:  Plaintiffs assert facial challenges to SB8 and there are no material factual disputes about the text of SB8.  The legal issues raised by Plaintiffs' claims are significant because they assert that SB8 violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution, the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution, the First Amendment to the United States Constitution, Article III of the United States Constitution, and that SB8 is preempted by federal law, including 42 U.S.C. §§ 1983, 1988.

Defendant's Description of the Issues: The plaintiffs are not asserting a "challenge" (facial or otherwise) to SB8, because litigants do not challenge statutes; they challenge the conduct or behavior of the named defendant that has been sued.  The Declaratory Judgment Act allows plaintiffs to seek a judicial declaration of their *rights*; it does not allow them to seek judicial declarations about the constitutionality of a statute in the abstract.  *See* 28 U.S.C. § 2201 (authorizing courts to "declare the rights and other legal relations of any interested party seeking such declaration"). 42 U.S.C. § 1983 allows plaintiffs to sue "persons" that violate their federally protected rights. The plaintiffs are alleging that the Thomas More Society is violating (or threatening to violate) their rights under federal law, and they seek declaratory and injunctive relief that would restrain the Thomas More Society from doing so.

The issues in this case include: (1) Whether the plaintiffs have Article III standing to sue the Thomas More Society, given that the Thomas More Society has no intention (and has never had any intention) of suing the plaintiffs under SB8 or representing litigants that might sue the plaintiffs under

SB8; (2) Whether the plaintiffs' claims against the Thomas More Society have become moot now that Sadie Weldon and Ashley Maxwell have terminated the Thomas More Society as their representative in the Rule 202 proceedings filed in Texas state courts; (3) Whether the Thomas More Society is acting "under color of state law" by providing legal representation to a private litigant in a Rule 202 proceeding filed in state court; (4) Whether the plaintiffs' claims for declaratory relief fall within the federal-question jurisdiction under *Skelly Oil* and *Franchise Tax Board*; (5) Whether the plaintiffs' claims for declaratory relief satisfy the $75,000 amount-in-controversy requirement for diversity jurisdiction; (5) Whether the plaintiffs may assert the third-party rights of their staff, volunteers, and donors under 42 U.S.C. § 1983 or the Declaratory Judgment Act; and (6) Whether abortion funds have a constitutionally protected or federally protected right to pay for other people's abortions.

### D. <u>Summary of Relief Sought</u>:

<u>Plaintiffs' Description of the Relief Sought</u>: Plaintiffs seek declarations that the private civil enforcement provisions and attorney fees provisions of SB8 violate the United States Constitution and are preempted by federal law, and are therefore void, and of no effect, and that no claims arising from or related to SB8 can be brought by Defendant in federal or state court. Plaintiffs also seek injunctive relief prohibiting Defendant and those working in concert with Defendant from filing any case against Plaintiffs under SB8, and from conspiring, coordinating, or assisting others with filing such a case, or seeking discovery related to such a case. Plaintiffs have also asserted a claim for attorneys' fees under 42 U.S.C. § 1988.

<u>Defendant's Description of the Relief Sought</u>: A court has no authority to declare a statute "void" or "of no effect"; it may declare only the rights of the plaintiffs vis-à-vis the defendant. SB8 will remain in existence and will remain enforceable by non-parties to this lawsuit regardless of how

this Court rules. *See, e.g., Arizonans for Official English v. Arizona*, 520 U.S. 43, 66 n.21 (1997). The plaintiffs are seeking a declaration of their "rights," which (in their view) includes a right to be free from SB8 enforcement proceedings or Rule 202 petitions initiated by the Thomas More Society. And they are seeking an injunction against the initiation of such proceedings in the future, as well as costs and attorneys' fees under 42 U.S.C. § 1988.

2. **Jurisdiction**:

Plaintiffs' Description of Jurisdiction: This is a civil and constitutional rights action arising under 42 U.S.C. § 1983.

All of Plaintiffs claims also fall within the Court's diversity jurisdiction because they seek. There is a complete diversity of citizenship and the value of the rights Plaintiffs seek to protect through declaratory and injunctive relief exceeds $75,000.

(1) State whether/why the amount on controversy exceeds the jurisdictional threshold or whether there is a dispute regarding the amount in controversy with basis of dispute.

Defendant disputes that the $75,000 amount-in-controversy is satisfied.

(2) Identity the state of each party's citizenship.

Plaintiff TEA Fund is a citizen of Texas.

Plaintiff Lilith Fund is a citizen of Texas.

Defendant is a citizen of Illinois.

Defendant's Description of Jurisdiction:  The Thomas More Society denies that this Court has subject-matter jurisdiction over this lawsuit, for the reasons explained in its amended motion to dismiss for lack of subject-matter jurisdiction (ECF No. 23). In addition, Defendant denies that the plaintiffs' claims for declaratory relief fall within the federal-question jurisdiction under *Skelly Oil and Franchise Tax Board*, and it denies that the plaintiffs' claims for declaratory relief satisfy the $75,000 amount-in-controversy requirement for diversity jurisdiction.  If the claims under 42 U.S.C.

- 5 -

§ 1983 are dismissed because the Thomas More Society is not a state actor and does not act "under color" of state law, then there will be no jurisdictional basis for the declaratory-judgment claims.

3. **Status of Service**:

All identified defendants have been served.

4. **Consent to Proceed Before a United States Magistrate Judge**:

The parties do not consent to proceed before a United States Magistrate Judge.

5. **Motions**:

A. **Describe any pending motions.**

Defendant filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) on April 22, 2022. Pursuant to the Court's minute entry order of April 25, 2022, Plaintiffs' response was due on May 16, 2022 and Defendant's reply was due on June 1, 2022. All briefing was timely completed.

B. **State whether defendant anticipates responding to the complaint by filing an answer or motion.**

The parties respectfully refer the Court to the answer provided to Question 5.A.

6. **Status of Settlement Discussions:**

A. **Indicate whether settlement discussions have occurred.**

The parties have not undertaken any settlement discussions and given the nature of the claims asserted, the parties do not believe that settlement discussions would be useful.

B. **Describe the status of settlement discussions**.

The parties respectfully refer the Court to the answer provided to Question 6.A.

C. **Confirm whether parties request a settlement conference.**

The parties do not request a settlement conference.

- 6 -

Dated: July 13, 2022

Respectfully submitted,

By   */s/ Susan M. Lorenc*

Susan M. Lorenc
Illinois Bar No. 6278471
slorenc@thompsoncoburn.com

Dremain T. Moore
Illinois Bar No. 6328767
dmoore@thompsoncoburn.com

THOMPSON COBURN LLP
55 East Monroe Street 37th Floor
Chicago, IL 60603
Telephone:  312.476.7500
Facsimile:  312.580.2201

Jennifer R. Ecklund
Texas Bar No. 24045626
jecklund@thompsoncoburn.com
*Appearing pro hac vice*

Elizabeth G. Myers
Texas Bar No. 24047767
emyers@thompsoncoburn.com
*Appearing pro hac vice*

Mackenzie S. Wallace
Texas Bar No. 24079535
mwallace@thompsoncoburn.com
*Appearing pro hac vice*

John Atkins
Texas Bar No. 24097326
jatkins@thompsoncoburn.com
*Appearing pro hac vice*

THOMPSON COBURN LLP
2100 Ross Avenue, Suite 3200
Dallas, Texas 75201
Telephone: 972.629.7100
Facsimile: 972.629.7171

Alexandra W. Albright
Texas Bar. No. 21723500
Aalbright@adjtlaw.com
*Appearing pro hac vice*

Kirsten M. Castañeda
Texas Bar. No. 00792401
kcastaneda@adjtlaw.com
*Appearing pro hac vice*

Kevin Dubose
Texas Bar. No. 06150500
kdubose@adjtlaw.com
*Appearing pro hac vice*

Marcy H. Greer
Texas Bar. No. 08417650
mgreer@adjtlaw.com
*Appearing pro hac vice*

ALEXANDER, DUBOSE & JEFFERSON
LLP
515 Congress Avenue, Suite 2350
Austin, Texas 78701
Telephone: 512.482.9300
Facsimile: 512.482.9303

**ATTORNEYS FOR PLAINTIFFS**

By  */s/ Jonathan F. Mitchell*
Jonathan F. Mitchell
jonathan@mitchell.law

MITCHELL LAW PLLC
111 Congress Avenue
Suite 400
Austin, Texas 78701
P: 512 686 3940

Martin J. Whitaker
privatrecht@gmail.com

THOMAS MORE SOCIETY
309 West Washington
Suite 1250
Chicago, Illinois 60606
P. 312 782 1680

**ATTORNEYS FOR DEFENDANT**

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 13, 2022 a true and correct copy of the foregoing was filed via the Court's electronic notification system for service on all parties of record.

By   */s/ Susan M. Lorenc*
        Susan M. Lorenc